FAGAFA of Alofau, Plaintiff

v.

SIUEA of Sailele, Defendant

No. 24-1947

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Vaesau" of Sailele]

August 4, 1947

ARTHUR A. MORROW, *Chief Justice;* NUA, *District Judge;* and APE, *District Judge.*

## DECISION

Heard at Fagatogo July 31, 1947.
Counsel for Fagafa, Atofau; for Siuea, Salanoa.

MORROW, *Chief Justice.*

This case involves the right to the matai name Vaesau attached to Sailele Village. Siuea filed his application to be registered as the holder of the name on March 23, 1946. Fagafa filed an objection to the proposed registration and became a candidate for such name.

The evidence showed each of the candidates to be a full-blooded Samoan, to have been born in American Samoa, to have lived in American Samoa all of his life, to live with Samoans as a Samoan and to be a descendant of a Samoan family. Therefore each is eligible to succeed to a matai title. Section 926, American Samoan Code.

■ Section 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each of the candidates filed a petition purporting to be signed by various members of the Vaesau family in support of his candidacy. There was much conflict in the testimony as to whether many of the signers on the respective

262

petitions were members of the Vaesau family. It is not necessary to review such testimony. Suffice it to say that the court is convinced therefrom and from the demeanor and appearance of the witnesses that a majority of the family desire Siuea to hold the title.

We think also that Siuea prevails over Fagafa (his name is now Aioletuga, but we shall refer to him as Fagafa since he filed his objection under that name) on the issue of forcefulness, character, personality and capacity for leadership. Fagafa is 59 years of age; Siuea is 37. The former is obviously in his declining years; the latter in the prime of life. From appearances and the evidence Siuea is better qualified to look after the affairs of the family than Fagafa. Each of the candidates produces mats, copra and Samoan curios. From these sources their incomes are about the same. Fagafa held the title Vaesau for 25 years, having been registered in 1919. He resigned from this title in 1944. In 1933 he took the title Fagafa of Alofau. He testified that as soon as he received the Fagafa title he left Sailele. In 1946 he was registered as the Aioletuga of Alofau. His testimony was to the effect that he had lived in Alofau for nine years. He further testified that he resigned the Vaesau title in 1945 (it was 1944 in fact) "Because the government wrote over to me that I hold two titles."

█ Fagafa's record as the holder of three matai titles already indicates that he is more concerned with holding titles than he is with the welfare of his matai family. Otherwise he would not have left Sailele for Alofau and continued to hold the Vaesau title for many years until the Government raised an objection. Section 934 of the Code, among other things provides that:

"Whenever a matai shall live away from his family for a period of six months or more, unless engaged in the performance of the duties of a public officer under the Government of American Samoa, or shall otherwise neglect to perform the duties of his office of matai,

263

his County Chief and District Governor shall investigate the matter and report the same to the Governor of American Samoa with their recommendations as to whether or not the matai should be removed, and the Governor of American Samoa may in his discretion remove the said matai upon the recommendation of the County Chief and the District Governor of the County and District respectively in which the family of the matai resides."

It is needless to say that a matai who lives away from his family cannot look after family matters as well as he can if he lives with it. If Fagafa was ready to leave Sailele once in quest of another title and to neglect the Vaesau family by living apart from it he might do the same thing over again if he should be awarded the Vaesau title in this case.

It is our conclusion in the light of all the evidence, that Siuea prevails over Fagafa on the issue of "forcefulness, character, personality and capacity for leadership."

Siuea is the grandson of Vaesau Peni. He has one-quarter Vaesau blood in his veins. Fagafa's blood father was Talauega. The latter did not hold the Vaesau title. Talauega's blood father was Vaesau Tilaia. Fagafa is, therefore, a grandson of Vaesau Uilaia and has one-quarter Vaesau blood in his veins. As far as the issue of hereditary right is concerned Fagafa and Siuea stand on an equality.

██ ██ The value of the holder of a matai name to the Government of American Samoa depends mostly upon the care and skill with which he looks after the affairs of his family. Fagafa has demonstrated his readiness to neglect the Vaesau family by leaving it for Alofau and a title there while continuing to hold the Vaesau title. It is not a good thing for the Government if a matai neglects his family. In the case of *Maea et al. v. Alapeti*, No. 20-1947 we said "Again the value of a man to his Government may be measured to a considerable extent by the quantity of goods produced by him. The country that has the greatest per capita production of goods is normally the best off econom-

ically." As far as production of goods is concerned the candidates stand substantially on an equality. Both candidates pay their taxes. Everything considered, we conclude that Siuea will be more valuable to the Government of American Samoa as the holder of the Vaesau title than Fagafa will be.

In view of our findings that Siuea prevails over Fagafa on the first, second and fourth issues and stands on an equality with him with respect to the issue of hereditary right, the Registrar of Titles will be advised to register Siuea as the Vaesau of Sailele.

Costs in the sum of $25.00 are hereby assessed against Fagafa, the same to be paid within 30 days.